**Karen HARUTYUNYAN, Maya Harutyunyan, Petitioners,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 07–0414–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Leonard B. Sukherman, Sukherman & Associates, P.C., Brooklyn, NY, for Petitioners.

Scott Rempell, Attorney (Leslie McKay, Senior Litigation Counsel, Peter D. Keisler, Assistant Attorney General, Civil Division, Office of Immigration Litigation, on the brief), U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Karen and Maya Harutyunyan, both natives of the former Soviet Union and citizens of Armenia, seek review of a January 8, 2007 order of the BIA affirming the June 15, 2005 decision of Immigration Judge ("IJ") Annette Elstein, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karen Harutyunyan, Maya Harutyunyan*, Nos. A95 368 499, A95 368 500 (B.I.A. Jan. 8, 2007), *aff'g* Nos. A95 368 499, A95 368 500 (Immig. Ct. N.Y. City June 15, 2005). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. Where, as here, the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); see, e.g., *Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

The agency denied the Harutyunyans' application for asylum and withholding of removal because it found that Karen Harutyunyan had not established a nexus to a protected ground and that the mistreatment he experienced did not rise to the level of persecution. The Harutyunyans raise no challenge to either of these dispositive findings in their brief and have thus waived any argument that the agency erred in denying their application on these grounds. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Moreover, the Harutyunyans failed to raise their claims of ineffective assistance of counsel regarding their counsel at the individual hearing and their counsel at the BIA to the BIA. See *Ivanishvili v. U.S. Dep't. of Justice*, 433 F.3d 332, 343 (2d Cir.2006). Those claims are therefore unexhausted and we decline to consider them. See *id.* Finally, the Harutyunyans have waived any challenge to the agency's denial of CAT relief by failing to raise it in their brief to this Court.

For the foregoing reasons, the petition for review is DENIED. The government's motion for summary disposition is DISMISSED as moot.